UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ELMER DEFORY CHARLES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:15-cv-00344-JMS-MJD |
| LT. HORN Sgt., *et al.* | ) ) |
| Defendants. | ) |

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Elmer Defory Charles filed this action on November 2, 2015, contending that her Constitutional Rights were violated while she was incarcerated in the Indiana Department of Correction ("IDOC"). Charles alleges that Officer A. Bourland, Sgt. Horn, Sgt. Vrizna, and Sgt. Crusie violated her Eighth Amendment rights by using unnecessary force, sexually assaulting and abusing her on October 13, 2015. She also claims that her Eighth Amendment rights were violated when these same officers denied her medical treatment. These actions were allegedly taken in retaliation for Charles' prior attempts to report sexual abuse by another officer in violation of the First Amendment. The defendants move for summary judgment arguing that Charles failed to exhaust her available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit.

**Summary Judgment Standard**

The motion for summary judgment in this civil rights action, as with any such motion, must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If no reasonable jury

could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S.Ct. 1769, 1776 (2007). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

In this case, the defendants have met their burden through their unopposed motion for summary judgment. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). By not responding to the motion for summary judgment, Charles has conceded to the defendants' version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1(f), of which Charles was notified. This does not alter the standard for assessing a Rule 56 motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

**Discussion**

The following facts, unopposed by Charles and supported by admissible evidence, are accepted as true:

A. *Undisputed Facts*

Charles was incarcerated at Wabash Valley Correctional Facility ("WVCF"), in Carlisle, Indiana at the time of the incident alleged in the Complaint.

As required under IDOC policy, an offender grievance program is in place at WVCF. This program was in place at the time of the allegations in Charles' Complaint. Offenders may grieve matters that involve actions of individual staff under the grievance program at

WVCF, including those actions alleged in the Charles' complaint.

An offender who alleges a sexual assault is not required to submit an informal grievance, or otherwise attempt to resolve with staff, an alleged incident of sexual abuse. An offender who alleges sexual abuse may submit a grievance without submitting it to a staff member who is the subject of the complaint.

Because the offender is not required to submit an informal grievance regarding allegations of sexual abuse, the offender may proceed to the Level I formal grievance process immediately, which is the filing of a formal grievance on a form provided and made available through unit team staff. On this form, the offender must identify the issue that the offender is seeking to resolve. The offender must file a formal grievance by the twentieth (20th) business day after the incident.

IDOC must issue a final decision on the merits of any portion of a grievance alleging sexual abuse within ninety (90) days of the initial filing of the grievance. IDOC may claim an extension of time to respond, of up to seventy (70) days, if the normal time period for response is insufficient to make an appropriate decision. IDOC must notify the offender in writing of any such extension and provide a date by which a decision shall be made. At any level of the administrative process, including the final level, if the offender does not receive a response within the time allotted for response, including any proper extension, the offender may consider the absence of a response to be a denial at that level.

If the formal grievance is not resolved in a manner that satisfies the offender, or if the offender did not receive a response to his or her grievance within the time allotted for a response, the offender may pursue the issue by filing an appeal with the IDOC's Department Offender Grievance Manager. The appeal must be filed within five business days

of the formal grievance response, or the expiration of the ninety day deadline (and any extensions claimed by IDOC) for a response to allegations of sexual abuse.

The submission of a formal grievance and the filing of an appeal of that formal grievance are each a necessary step that must be completed before the grievance procedure is exhausted.

Charles filed a grievance on October 26, 2015 regarding her allegations of sexual assault by staff officials. A response to Offender Charles' formal grievance was provided to her on November 17, 2015. On December 3, 2015, Offender Charles filed a formal appeal regarding the alleged October 13, 2015 sexual assault. As of January 28, 2016, a response to Offender Charles' formal grievance appeal had not yet been provided to her.

Charles filed her Complaint initiating this lawsuit on November 2, 2015.

B. *Exhaustion*

The defendants argue that Charles failed to exhaust her available administrative remedies as required by the PLRA with respect to his claims against them.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must

properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

C. *Discussion*

The defendants have shown that Charles failed to avail herself of all administrative remedies before filing this civil action. Charles does not dispute this. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that this action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## Conclusion

The defendants' motion for summary judgment [dkt. 25] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  _August 23, 2016_

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ELMER DEFORY CHARLES
985019
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

All Electronically Registered Counsel